# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| BRANDON NUTT, | Case No. 1:19-cv-460 |
| Plaintiff, | McFarland, J. |
| v. | Bowman, M.J. |
| P.O. CHRISTOPHER SETA, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at the Southern Correctional Institution, has filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. Currently pending is Plaintiff's motion for leave to file an amended complaint. For the following reasons, Plaintiff's motion should be denied.

**I.    Background**

The undersigned conducted a screening of Plaintiff's initial complaint pursuant to 28 U.S.C. § 1915. Under that review, the undersigned recommended the *sua sponte* dismissal of a number of claims and defendants, but held that Plaintiff's claims against two police officers in their individual capacities were deserving of further development. (Doc. 4). The identified claims that were permitted to proceed included malicious prosecution and related claims, based on the Defendants' initiation of a search warrant and criminal proceedings against Plaintiff.[1] The presiding district judge adopted the screening Report and Recommendation ("R&R"), and the two Defendants filed their answer to the complaint on August 29, 2019. (Docs. 6, 11). Discovery remains ongoing, but is scheduled to conclude on March 31, 2020.

---

[1] Plaintiff's complaint alleges that he was subsequently acquitted of the referenced charges.

II. **Analysis** .

As discussed in the prior R&R, the Prison Litigation Reform Act authorizes *sua sponte* review of any complaint in which a prisoner seeks to proceed *in forma pauperis* to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). In the prior R&R, this Court held that with the exception of Plaintiff's claims against Defendants Seta and Barge, all remaining claims should be dismissed for failure to state a claim upon which relief may be granted.

In a motion to amend his complaint filed on October 7, 2019, Plaintiff appears to seek to amend his complaint as of right under Rule 15(a)(1), Fed. R. Civ. P., which permits amendment "once as a matter of course" either within 21 days of initial service of the complaint or, when (as here) a responsive pleading is required, within 21 days of the filing of the Defendants' Answer. When amendment is sought outside of that 21-day time period, amendment is permitted only "with the opposing party's written consent or the court's leave." Rule 15(a)(2). However, "[t]he court should freely give leave when justice so requires." *Id.*

Plaintiff acknowledges that amendment under Rule 15(a)(1) would be untimely, but seeks to extend that time based upon the fact that he was transferred from one prison to another, and was receiving his legal mail 10-14 days late as a result. Alternatively, Plaintiff seeks leave of Court to amend under Rule 15(a)(2). Because Plaintiff is a prisoner proceeding pro se, the Court must re-screen his tendered

2

amended complaint under the PLRA regardless of whether the amendment is considered under Rule 15(a)(1) or Rule 15(a)(2).

In his tendered amended complaint, Plaintiff seeks to add new claims against the following four Defendants: Head Prosecuting Attorney Joseph Deters; City of Cincinnati; Police Chief of the Cincinnati Police Department, Eliot K. Isaac; and Defense Attorney Hal R. Arenstein. The tendered amendment also seeks to reinstate previously dismissed claims against the two existing police officer Defendants in their "official" capacities. Under the relevant screening standards, the tendered amendment fails to state a claim against any of the proposed new Defendants. The reinstatement of previously dismissed claims against Defendants Seta and Barge in their official capacities is also inappropriate. Thus, Plaintiff's motion to amend should be denied.

As this Court previously explained, Plaintiff cannot state a claim against Defendant Seta and Barge in their official capacities. Plaintiff's proposed addition of the City of Cincinnati and the Police Chief fail for the same reasons. As the prior R&R explained:

> To the extent that plaintiff has bought this action against all defendants in their official capacities and seeks to hold the City of Cincinnati liable for defendants' actions, he has failed to allege that any named defendant acted pursuant to a policy or custom of the city. The claims against the defendant police officers and sergeant are essentially claims against the entity for which they are agents, namely the City of Cincinnati. "It is firmly established that a municipality, or . . . a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell v. Dep't. of Social Serv.*, 436 U.S. 658, at 694 (1978)). To state a claim for relief against the City of Cincinnati for plaintiff's alleged injuries, the complaint must allege facts showing that the misconduct giving rise to plaintiff's injuries was the result of a policy, statement, regulation, decision or custom promulgated by the City. *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) (citing *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003)); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.

3

> 1994). *See Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). "The 'official policy' requirement [of *Monell*] was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original). "[P]laintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen." *Bright*, 753 F.3d at 660 (citing *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008)). *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation).
>
> Plaintiff's complaint fails to allege any facts showing that the alleged actions taken by defendants stemmed from a particular policy, custom, or practice of the City of Cincinnati that caused a violation of plaintiff's civil rights. Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted against defendants in their official capacities.

(Doc. 4 at 4-5).

In his tendered amended complaint, Plaintiff includes additional allegations against the City and its police department "on information and belief," alleging, for example, that the "abuse to which plaintiff was subjected was consistent with an [sic] Systematic institutionalized practice of the Cincinnati Police Department, which was known to and not ratified by the Cincinnati Police Department, and the City of Cincinnati… having at no time having taken any effective action to prevent police personnel from continuing to engage in such misconduct." (Doc. 14-1 at ¶ 30). Plaintiff further alleges that the City "tolerated systematic institutionalized practices, and did not ratify the misconduct" by "[f]ailing to properly discipline, restrict, and control employees, including defendants Officer Seta and Sergeant Barge, known to be irresponsible in their dealings with the citizens of the community." (*Id.* at ¶ 32(a)).

Plaintiff makes no specific allegations concerning the Police Chief's personal involvement that would be sufficient to hold him liable for his subordinate's actions. As

4

the prior R&R explained, Plaintiff cannot sue the Cincinnati Police Department because it is not an entity that is capable of being sued. Plaintiff's inclusion of additional allegations against the City of Cincinnati and its Police Chief are also insufficient as a matter of law to allege an official municipal policy was the "driving force" behind the alleged constitutional violations. At most, Plaintiff's proposed amended complaint appears to be alleging some form of supervisory liability based upon the City's or its Police Chief's failure to take action against Defendants Seta and Barge for their alleged misconduct. However, in dismissing similar claims in the original complaint this Court explained that "Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act." (Doc. 4 at 6, internal citations omitted). In addition, it is well-settled that the doctrine of *respondeat superior* does not apply in §1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tenn. Dept. of Corr.*, 499 Fed. App. 453, 455 (6th Cir. 2012) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)).

Plaintiff's new allegations against Prosecutor Deters and his defense attorney, Mr. Arenstein, are similarly unavailing. Plaintiff seeks to hold Mr. Arenstein liable for "Ineffective Assistance of Counsel and Malpractice" for failing to challenge the affidavit for the search warrant in a motion to suppress evidence. Plaintiff believes that if counsel had "properly argued" such a motion, there is "a reasonable probability that my motion to suppress would have been granted." (Doc. 14-1 at ¶ 23). These allegations fail to state any claim against Plaintiff's defense attorney in the underlying state criminal case as a matter of law.

In order to maintain an action under 42 U.S.C. § 1983, plaintiff must allege that

the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). As a lawyer representing a client, Mr. Arenstein was not a state actor within the meaning of § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (holding that public defender does not act under color of state law for purposes of § 1983); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* to retained criminal lawyers). *See also Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998). Therefore, Plaintiff fails to state a claim for relief against Mr. Arenstein under § 1983.

Plaintiff also fails to state any claim against the "head prosecutor," Joseph Deters, because that newly proposed defendant is entitled to prosecutorial immunity. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. *See also Jones v. Shankland,* 800 F.2d 77, 80 (6th Cir. 1986). A prosecutor's initiation and presentation of a case to a grand jury falls within the traditional functions of the prosecutor and is shielded by absolute immunity. *Grant v. Hollenbach,* 870 F.2d 1135, 1139 (6th Cir. 1989). Courts have consistently recognized that even the knowing presentation of false testimony to a grand jury or a trial jury are actions protected by absolute

6

immunity. *See Spurlock v. Thompson,* 330 F.3d 791, 797-98 (6th Cir. 2004). *See also Imbler,* 424 U.S. at 413, 430; *Buckley v. Fitzsimmons,* 509 U.S. 259, 267 n. 3 (1993). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th Cir. 1998). In this case, Plaintiff's claims against Deters are premised on the prosecutor's initiation and pursuit of criminal charges against Plaintiff. Because these activities are intimately associated with the judicial phase of the criminal process, Plaintiff's motion to amend his complaint to add Deters as a new defendant should be denied.

In sum, Plaintiff's motion to amend his complaint should be denied because the underlying factual allegations against the existing two individual Defendants (Seta and Barge) have not been altered in any meaningful way and there is no basis for re-instating Plaintiff's previously dismissed claims against those Defendants in their official capacities. Likewise, for the reasons discussed, Plaintiff's new allegations against the four additionally identified Defendants fail to state any claim as a matter of law.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's motion to amend his complaint **(Doc. 14)** be **DENIED**, with this case to continue to proceed on the previously recognized claims against Defendants Seta and Barge in their individual capacities.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

BRANDON NUTT,

    Plaintiff,

        v.

P.O. CHRISTOPHER SETA, et al.,

    Defendants.

Case No. 1:19-cv-460

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).