UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRANDON NUTT,

    Plaintiff,

v.

P.O. CHRISTOPHER SETA, et al.,

    Defendants.

Case No. 1:19-cv-460

McFarland, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff initiated this lawsuit pro se and *in forma pauperis* while he was incarcerated. Although a number of claims and defendants were dismissed upon initial screening under 82 U.S.C. § 1915(e), Plaintiff's claims against two correctional officers in their individual capacities (C.O. Seta and Sgt. Barge) were permitted to proceed. (Docs. 4, 6). Plaintiff filed several motions over the ensuing months. However, on February 6, 2020, Defendants filed a Suggestion of Death Notice, indicating that Defendants had been notified by the Ohio Department of Corrections that Plaintiff died on January 20, 2020. (Doc. 23). In addition to the Notice filed by Defendants, mail transmitted to Plaintiff at his prison address was returned to this Court as undeliverable with the notice "The person is deceased." (Doc. 32).

Although not docketed as a motion, the text of Defendants' Notice includes a motion for dismissal under Rule 25(a)(1) of the Federal Rules of Civil Procedure. The rule provides that if a motion for substitution is not made by a decedent's successor or representative "within 90 days after service of a statement noting the death, the action by …the decedent must be dismissed." Based upon the February 6 date of the Notice, the

time for any representative to enter his/her appearance on behalf of Plaintiff's estate expired on May 6, 2020. No substitute party has timely appeared.

In addition to the Defendants' combination motion/Notice of Suggestion of Death, Defendants filed a separate motion on March 11, 2020 seeking summary judgment on the merits.[1] Unsurprisingly, the decedent failed to file any response. The undersigned finds no need to expend additional resources to examine the merits of the motion for summary judgment. Instead, in light of the failure of anyone to appear as a substitute party on Plaintiff's behalf, **IT IS RECOMMENDED THAT** this case be **DISMISSED** under the mandatory dismissal provision of Rule 25(a)(1), Fed. R. Civ. P., and that the pending motion for summary judgment (Doc. 29) be **DENIED AS MOOT**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] It is unclear to the undersigned why Defendants filed the pending motion rather than awaiting a ruling on their existing motion to dismiss under Rule 25(a). Although discovery closed on March 1, the dispositive motion deadline does not expire until June 1.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRANDON NUTT,

    Plaintiff,

v.

P.O. CHRISTOPHER SETA, et al.,

    Defendants.

Case No. 1:19-cv-460

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).